## Lonergan Estate

*Fox, Differ & Honeyman* and *Stradley, Ronon, Stevens & Young,* for accountants.

TAXIS, P. J., January 13, 1959.—The first and final account of Ruth N. Lonergan, now Ruth L. Hornung

and Isabel A. Gutekunst, remaining testamentary trustees for William A. Lonergan, was examined and audited by the court on December 1, 1958 . . .

A question has been raised as to the distribution of the balance of principal and income in this estate to the two natural grandchildren of testator who were subsequestly adopted out of testator's family. Testator, William E. Lonergan, died testate on February 18, 1938, having executed his will on June 8, 1932, and republished the same by codicil on April 13, 1937.

Under paragraph 4 of this will testator created a trust reserving a life estate in favor of his son, William A. Lonergan, with remainders over ". . . unto his child or children then living and to the issue then living of any deceased child . . .".

The life beneficiary first married Helen Pedrick. This marriage, to which no children were born, ended in divorce. The deceased life beneficiary thereafter married Marie Hewitt and lived with her in Vineland, N. J. There were born of this marriage Barbara Lonergan (Conway) on July 27, 1934, and Edward Armstrong Lonergan on July 23, 1943. The daughter was born prior and the son after testator's death. This marriage ended in divorce shortly after the birth of the second child.

Marie Hewitt Lonergan thereafter married Henry B. Schoening on October 24, 1947, in New Jersey. Barbara Lonergan and Edward Armstrong Lonergan were adopted under the laws of New Jersey by court decree of February 18, 1949, by Henry B. Schoening, the then husband of Marie Hewitt Lonergan.

The issue is simply whether or not the fact of adoption by their adoptive father has cut off these grandchildren of testator from their right of inheritance through their natural father.

Section 16(b) of the Wills Act of June 7, 1917, P. L. 403, in effect at the time of testator's death, provided:

"Whenever in any will a bequest or devise shall be made to the child or children of any person other than the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of such other person who were adopted before the date of the will, unless a contrary intention shall appear by the will."

It is significant that the above section of the Wills Act of 1917 does not exclude adopted children from taking from or through their natural relatives. The absence of any such exclusionary provision is in bold contrast with section 16(b) of the Intestate Act of June 7, 1917, P. L. 429, and section 14 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14, which, in addition to engrafting the adopted child into his adopted family for the purpose of inheritance, specifically excludes the adopted child from taking through his natural relatives. The distinction between the Wills Act of 1917 and the Intestate Act of 1917 is noted in Taylor state, 375 Pa. 120, 124. See also Anderson's Estate 23 D. & C. 334, for a discusion of a situation similar to that at hand. There being no similar exclusionary provision in the Wills Act of 1917, there is no statutory bar to the right of these children adopted out of the family to take as designated members of a class in the will of a third person through their natural father.

The net ascertained balances of principal and income for distribution are awarded as suggested under the last paragraph of the petition for adjudication.

The account is confirmed, and it is ordered and decreed that Ruth N. Lonergan, now Ruth L. Hornung, and Isabel A. Gutekunst, remaining testamentary trustees, as aforesaid, forthwith pay the distributions herein awarded.

And now, January 13, 1959, this adjudication is confirmed nisi.